1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8    UNITED STATES OF AMERICA,            )
9              Plaintiff,                 )
                                          )
10         v.                             )         2:95-CR-58-RCJ-1
                                          )
11   JAMES ROBINSON,                      )         **ORDER**
                                          )
12             Defendant.                 )
                                          )
13   _____     )
14
15        Currently before the Court are six motions: a motion to vacate under 28 U.S.C. § 2255
16   (Doc. (#490)), three motions to appoint counsel (Docs. (##491, 492, 495)), an unsigned letter
     requesting documents (Doc. (#493)), and an unsigned request for an evidentiary hearing (Doc.
17   (#496)).  For the reasons discussed herein, the motions are denied.
18                              **BACKGROUND**
19
20        In August, 1995, a jury convicted Petitioner James Robinson for the felonies of (1)
21   unlawful use of a communications facility and (2) attempting to possess cocaine with the intent
     to distribute.  (*See* Doc. (#458) at 2).  He was sentenced to 262 months in federal prison.
22   (*See id.*)  The Ninth Circuit Court of Appeals upheld his convictions on direct appeal in
23   October, 1997.  (*See id.*)
24        At some point before 2002,[1] Petitioner filed a motion for relief under 28 U.S.C. § 2255.
25   (*See* Doc. (#374) at 3).  Petitioner supplemented this motion, but the Ninth Circuit ultimately
26
27
28
     _____
          [1] The record is unclear on when Petitioner filed his first § 2255 motion.  Petitioner filed
     it after his direct appeal in October, 1997, but before his successive motions, which were
     decided in 2002 (Doc. (#345)).

1  denied it.  (*See id.*)  Both this Court and the Ninth Circuit declined to issue a Certificate of
2  Appealability.  (Docs. (##184, 207); *see* Doc. (#374) at 3).

3      Since being denied a Certificate of Appealability, Petitioner has continuously filed more
4  letters and motions that fall under the jurisdiction of § 2255.  (*See* Doc. (# 374) at 3).  The
5  Ninth Circuit reviewed and denied on the merits at least five applications for authorization to
6  file successive § 2255 motions.  (*See* Docs. ## 380, 383, 426, 436, 446, 487 (voluntarily
7  dismissed by Petitioner)).

8      Before 2002, Petitioner filed at least five successive motions to vacate.  (*See* Doc.
9  (#374) at 3).  In 2008, Petitioner also filed multiple motions for an appointment of counsel
10  (Docs. (# 408, 409, 410, 412)), and motions for an evidentiary hearing (Docs. (##408, 409,
11  412)).  The Court denied these motions.  (Docs. (## 374, 418)).

12      On August 25, 2008, the Court granted Petitioner's motion to reduce his sentence from
13  262 months to 210 months due to a new sentencing law passed after Petitioner was convicted.
14  (Doc. (#406)).  On August 6, 2010, he was released from prison, but subject to six years of
15  supervised release.  (*See* Doc. (#484) at 2).  However, on February 12, 2011, Petitioner was
16  arrested for violating the terms of his supervised release.  (*See* Doc. (#465)).  The Court
17  revoked his supervised release, and sentenced Petitioner to ten months in prison without
18  additional supervised release.  (Doc. (#481) at 2-3).  Petitioner was released from prison on
19  December 14, 2011.[2]

20                                **LEGAL STANDARD**

21      A district judge may not entertain an application for a writ of habeas corpus to evaluate
22  the detention of a federal prisoner except by 28 U.S.C. § 2255.  28 U.S.C. § 2244(a).  Section
23  2255 only applies to prisoners "in custody under sentence of a court established by Act of
24  Congress."  28 U.S.C. § 2255(a).  A person is in custody of the United States if his or her
25  movements "are restrained by authority of the United States . . . ."  *Jones v. Cunningham*, 371

26  _____

27      [2]   Inmate   Locator,   Federal   Bureau   of   Prisons,
    http://www.bop.gov/iloc2/InmateFinderServlet
28  ?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=30289-
    048&x=78&y=16.

U.S. 236, 240 (1963) (internal quotations omitted).  If the petitioner is released from custody of the respondent, the petition becomes moot.  *See id.* at 241.

### DISCUSSION

Petitioner asks the Court to vacate his sentence on four grounds: (1) the government violated his constitutional rights by withholding evidence, (2) *Brady*[3] violation by the United States Attorney's office, (3) the lead investigator fabricated evidence that led to Petitioner's arrest, and (4) prosecutorial misconduct by allowing "perjury testimony."  (Doc. (#490) at 6-9) (emphasis in original).

Petitioner is no longer in the custody of the United States, nor is he under supervised release or otherwise restrained by the United States.  Therefore, his § 2255 motion to vacate (#490) is denied as moot.  The Court also denies as moot Petitioner's motion for an evidentiary hearing (#496), motions for appointment of counsel (## 491, 492, 495) and motion for copies of documents (#493).

///
///
///
///
///
///
///
///
///
///
///
///
///

---

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Petitioner's Motion to Vacate (#490) is DENIED as moot.

IT IS FURTHER ORDERED that the Motions for Appointment of Counsel (## 491, 492, 495) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Copies of Documents (#493) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for an Evidentiary Hearing (#496) is DENIED as moot.

DATED: This 3rd day of August, 2012.

_____
United States District Judge